OBADIAH STEPHENS, APPELLANT, *v.* PETER CORNELL, RESPONDENT.

*Evidence — when a party, seeking to enforce a claim, which originally existed against a person who has since died, is competent to testify as to personal transactions between himself and such deceased person in respect to such claim — Code of Civil Procedure, sec. 829.*

APPEAL from a judgment of the Steuben County Court reversing a judgment of a Justice's Court in favor of plaintiff for twenty-three dollars.

The plaintiff proved an account against the defendant which he had alleged in his complaint. The defendant had set up an account which accrued in his favor against the father of the plaintiff during the lifetime of the latter, and alleged that in consideration of property conveyed to the plaintiff by the other heirs-at-law of the father, the plaintiff had undertaken and agreed to pay the debts of the father, including the debt which the defendant held against him. Upon the trial the defendant sought to establish such counter-claim. In his efforts to do so he offered himself as a witness as to transactions with the deceased, in order to prove such indebtedness. The plaintiff objected thereto upon the ground that the defendant was not a competent witness under section 829 of the Code of Civil Procedure. The justice refused to receive the evidence.

The court at General Term said : "The plaintiff was not a party, as an executor or administrator, or heir-at-law, of his father. He sued in his own right. Defendant's counter-claim was not against the plaintiff as executor or as heir-at-law. But it was against him

in his individual personal capacity. Therefore section 829 had no application. (*Hall* v. *Richardson*, 22 Hun, 444; *Matter of Accounting of Frazer*, 92 N. Y., 247.) Plaintiff is not made a party deriving title or interest from, through or under a deceased person. If he covenanted to pay a debt held by the defendant, he was liable because of the covenant. (*Burr* v. *Beers*, 24 N. Y , 178; *Lawrence* v. *Fox*, 20 id., 268.) It was not a liability as an heir-at-law. The other heirs-at-law might have made a similar arrangement with a stranger, to the blood of the deceased, and then the indebtedness of the father might have been shown, to which the covenant to pay would attach. Whether the plaintiff was liable to pay the debt held by the defendant depended upon his personal promise, made at the time a fund was put in his hand by the heirs-at-law of the deceased, and which the plaintiff agreed to apply in liquidation of the indebtedness of his deceased father. Plaintiff, " in performing that agreement, would have done nothing more than to pay his own debt in the manner in which he had agreed to pay it." (Judge RAPALLO's opinion in *Garnsey* v. *Rogers*, 47 N. Y., 241.) * * *

*P. J. Hallett*, for the appellant.

*Burrell & Robinson*, for the respondent.

Opinion by HARDIN, J.; SMITH, P. J., and BARKER, J., concurred.

Judgment of County Court affirmed.